9880

## TIDWELL v. COLUMBIA RY., GAS & ELECTRIC CO.

(95 S. E. 109.)

CARRIERS—INJURY TO PASSENGER—EVIDENCE—RULES.—In a passenger's action against a street railway company for personal injury, the rules of the company are admissible in evidence.

Before SMITH, J., Richland, Summer term, 1917. Affirmed.

Action by A. P. Tidwell against the Columbia Railway, Gas & Electric Company for personal injury while alighting from a street car. Judgment for plaintiff, and defendant appeals.

*Messrs. R. B. Herbert* and *William Elliott,* for appellant, cite: *As to error in admitting into evidence certain rules of the defendant:* 69 S. C. 360; 76 S. C. 275.

*Mr. A. M. Deal,* for respondent, cites: 85 S. C. 455-458; 62 S. C. 325; 94 S. C. 388.

January 25, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for personal injuries. There are five exceptions, but all of them complain of error in admitting in evidence the rules of the defendant company. The case of *McCormick v. Street Railway Co.,* 85 S. C. 459, 460, 67 S. E. 564, 21 Ann. Cas. 144, is full authority to sustain the admission of the evidence. In that case this Court says:

"Therefore disobedience of them may be an important factor in determining his mental attitude in the discharge not only of his duties to his master, but also of his master's duties to the public. * * * Moreover, the Court cannot say that the rule in question was adopted solely for the guidance of the employees of the company in protecting themselves and its property. It may have been intended also for the

protection of passengers against injury by collision of the cars with each other, and pedestrians and others against collision with the cars in crossing the track. But, even if we assume that it was intended solely for the guidance of the employees, that cannot help the defendant's case, for its violation was evidence tending to show negligence on the part of the employees in charge of the car, and the evidence tended to show its breach contributed to the plaintiff's injury."

Judge Smith, in charging the jury, carefully guarded the rights of the defendant.

The exceptions are overruled, and the judgment affirmed.